# JOHN D. LELAND

*v.*

# SAMUEL A. BARRY.

1. ACTION—*must be brought on higher security.* Where a party has different securities of different descriptions for the same debt or demand, and from the same person, he must found his action on that security which is, in law, of the higher nature and efficacy. Thus, assumpsit can not, in general, be supported where there is an express contract, under seal, or of record, which relates to the same subject matter, and is still in force, but the party must proceed in debt or covenant where the contract is under seal, or in debt or *scire facias* if it be of record, even though the debtor, after such contract was made, expressly promised to perform it.

2.  So, where a party, being liable upon a replevin bond, promised, in writing, to pay the amount of his liability by the next term of court, if no suit was brought on the bond, but the bond was not released, it was *held*, that no action would lie upon the subsequent promise, as it could not merge or destroy the higher security.

APPEAL from the Circuit Court of Iroquois county; the Hon. CHARLES H. WOOD, Judge, presiding.

This was an action of assumpsit, by John D. Leland against Samuel A. Barry, upon the cause of action set forth in the opinion.

Mr. JAMES McCULLOUGH, for the appellant.

Messrs. McINTYRE & LELAND, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It seems that one Haggard prosecuted a replevin suit against the sheriff of Iroquois county, to recover a pair of mules, and, to enable the coroner to execute the writ, he, as principal, and Alpha G. Willard, Chris. Mohr and defendant in error, as sureties, executed a replevin bond, with the usual conditions. The replevin suit was subsequently dismissed for want of prosecution, and a writ of *retorno habendo* was awarded. After the dismissal of the suit, defendant's attorneys therein wrote defendant in error informing him that, if his liability under the bond was not settled, suit would be brought to the next term of the circuit court, and further costs would thereby be incurred.

Defendant thereupon wrote the attorneys this letter, date February 8th, 1871: "Gentlemen: I am authorized to say for A. G. Willard and C. Mohr, as well as myself, that we will settle the claim—Haggard replevin suit—without further costs, and pay the same by next term of court. This you may rely upon." The present suit was brought on this letter, against defendant in error, and a trial was had in the circuit court,

where the jury found a verdict for the defendant, and a judgment was rendered thereon.

It is urged, in affirmance of this judgment, that the letter upon which suit was brought constitutes no cause of action.

It is said, in Chitty's Pleadings, 6th Am. Ed. Vol. 1. p. 117, "where a party has different securities of different descriptions, for the same debt or demand, and from the same person, he must found his action on that security which is, in law, of the higher nature and efficacy. Thus, assumpsit can not, in general, be supported where there has been an express contract under seal, or of record, which relates to the same subject matter, and is still in force; but the party must proceed in debt or covenant where the contract is under seal, or in debt or *scire facias* if it be of record, even though the debtor, after such contract was made, expressly promised to perform it."

This authority seems to be to the point, and conclusive of the case. The replevin bond was joint and several, and the obligee could have maintained an action of debt upon it against defendant in error severally and alone, and it is a well recognized rule of law, that an instrument under seal is of a higher nature and efficacy than an instrument not under seal. These rules are elementary, and do not require the citation of authority in their support, and they are so easy of application that reference to cases need not be made for their illustration.

In this case, plaintiff held a security for the money by the bond, and a promise by letter, or verbally, could not support the action. No one could say that writing the letter released or discharged defendant from liability on the bond. It did not, nor could it, merge the higher into the lower character of security. The letter, then, as we have seen, formed no cause of action, and had a recovery been had on it, the court would have arrested it on motion.

In this view of the case, the discussion and decision of the other questions presented by the assignment of errors is

unnecessary; and as they are unnecessary to the decision of the case, or to guide the court below on another trial, we deem it unnecessary to decide them.   Such decisions being regarded by a large portion of the profession as *obiter dictum*, their discussion and their decision would not, therefore, be profitable.

The judgment of the court below is affirmed.

*Judgment affirmed.*